**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------×

VIJAY REDDY,

                *Plaintiff,*

       *v.*

FRESH DIRECT, LLC,

                *Defendant.*

------------------------------------------------------------------------×

                    **17 CV 3699**

                    <u>**COMPLAINT**</u>

Plaintiff Vijay Reddy, by his counsel, The Harman Firm, LLP, and Young & Ma LLP, alleges for his Complaint against Defendant Fresh Direct, LLC, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     Plaintiff Vijay Reddy ("Plaintiff" or "Mr. Reddy") seeks damages and costs against Defendant Fresh Direct, LLC ("Defendant" or "Fresh Direct"), for discriminating against him based on his race (South Asian) by subjecting him to a hostile work environment and ultimately terminating his employment, in violation of § 1981 of the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-101 *et seq.*

2.     Plaintiff also seeks damages and costs against Defendant for retaliating against him for his complaints of race discrimination, in violation of § 1981 and the NYCHRL.

3.     Plaintiff also seeks damages and costs against Defendant for discriminating against him based on his national origin (Indian) and citizenship status by subjecting him to a hostile work environment and ultimately terminating his employment, in violation of the NYCHRL.

4.      Plaintiff also seeks damages and costs against Defendant for retaliating against him for his complaints of national origin and citizenship status discrimination, in violation of the NYCHRL.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under § 1981.

6.      Pursuant to 28 U.S.C. § 1332, the Court has supplemental jurisdiction over Plaintiff's NYCHRL claims, as those claims are so related to the federal claims that they form part of the same case or controversy.

7.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

8.      Plaintiff respectfully requests a trial before a jury.

## PARTIES

9.      Plaintiff is a citizen of the country of India who, at all relevant times, was a resident of the State of New York.  Plaintiff now resides in India.

10.      Upon information and belief, at all times relevant hereto, Defendant was and is a limited liability company organized under the laws of the State of Delaware with offices located at 23-30 Borden Avenue, Long Island City, New York 11101 in Queens County.

## STATEMENT OF FACTS

### I.     Facts Common to All Claims

11.     Mr. Reddy is a citizen of India who, at the time of his employment with Fresh Direct, had lived in the U.S. for eight years and possessed an H-1B visa.

12.     Mr. Reddy holds a Bachelor of Engineering degree in computer science from Mumbai University and a Master of Science degree in information systems with a specialization in business management from Pace University.

13.     Mr. Reddy has extensive experience in project management, product development, information technology, and software development and has worked at companies including Citibank, Delta Air Lines, Wells Fargo, and FedEx.

14.     In and around April 2014, Fresh Direct hired Mr. Reddy as a Senior Business Systems Analyst.

15.     As a Senior Business Systems Analyst, Mr. Reddy's job duties included project analysis, management, and planning; overseeing and planning software design and development; and systems installation and implementation.

16.     Through his employment at Fresh Direct, Mr. Reddy was an exemplary and dedicated employee who consistently fulfilled his job responsibilities and maintained an outstanding record of achievements, including redesigns and improvements of Fresh Direct's live chat, express checkout, and mobile systems, among others.

### II.    Race and National Origin Discrimination

17.     Fresh Direct subjected Mr. Reddy to discrimination based on his race and national origin throughout his employment.

18.     Mr. Reddy and other Indian and South Asian employees were treated less well than other employees.

19.     White Fresh Direct employees, including Jon Malat (Fresh Direct VP and Mr. Reddy's supervisor), David Heller (Fresh Direct Senior Developer), and Sally Schmidt (Fresh Direct Scrum Master), openly harassed and discriminated against Indian employees on the basis of their race and national origin.

20.     Mr. Malat, Mr. Heller, and Ms. Schmidt frequently made mocking, derogatory comments about Mr. Reddy and other Indian employees.

21.     Mr. Malat openly made fun of Indian employees in Fresh Direct team meetings.

22.     Mr. Malat treated Indian employees with hostility and berated them for minor or entirely fabricated issues.

23.     For example, Mr. Malat falsely accused Mr. Reddy of stealing a pound cake from the department's weekly snack order, then followed Mr. Reddy around the office with Mr. Heller and Ms. Schmidt, making harassing comments.

24.     Mr. Malat cornered Manoj Shetty (Indian), a Technical Architect at Fresh Direct, grabbed his wallet, and stated, "I'm not letting you go home until you fix all the problems."

25.     Mr. Malat threatened to physically assault Kasi Sriram (Indian), another Technical Architect at Fresh Direct, over a minor work issue: "If this issue is not fixed, I'll beat the crap out of you."

26.     White Fresh Direct employees were never treated in this manner.

27.     Mr. Malat, Mr. Heller, and Ms. Schmidt regularly made these offensive and harassing remarks in front of Fresh Direct employees and management, yet Fresh Direct never

disciplined Mr. Malat, Mr. Heller, or Ms. Schmidt in any way for their openly discriminatory comments and conduct.

28.     Indian employees were paid less than their white counterparts for the same work.

29.     For example, Fresh Direct paid a white Senior Business Systems Analyst an annual salary of $130,000.

30.     In contrast, Mr. Reddy received an annual salary of $100,000, despite the fact that his superior qualifications and seniority.

31.     White managers at Fresh Direct gave extensive training and guidance to white employees, but refused to provide the same to Indian employees.

32.     White Senior Business Systems Analysts were allowed to hire junior analysts to support them, while Fresh Direct forbade Mr. Reddy from doing so.

33.     White employees were treated more leniently than Indian employees.

34.     Indian employees were given more assignments than white employees and were allowed less time to complete them.

35.     Fresh Direct managers, including Mr. Malat, chastised and harassed Indian employees for not completing the unreasonable amounts of work quickly enough.

36.     Fresh Direct required Indian employees to work longer hours than white employees.

**III.    Citizenship Status Discrimination**

37.     During the interview and hiring process, Fresh Direct represented to Mr. Reddy that Fresh Direct would provide green card sponsorship to Mr. Reddy upon his hire in and around April 2014.

38.     Yet Fresh Direct failed to provide Mr. Reddy with green card sponsorship; by early 2016, Fresh Direct had still not provided Mr. Reddy with green card sponsorship.

39.     On or about March 31, 2016, Mr. Reddy sent an email to Tobi Karson Sevdalakis, Fresh Direct's Director of Talent Acquisition and Onboarding, and Fresh Direct's immigration attorneys, complaining that the green card process had not moved forward as promised, complaining of discrimination, and requesting that Fresh Direct update him on the status of his green card sponsorship.

40.     Shortly afterward, Fresh Direct threatened Mr. Reddy with termination.

41.     On or about June 22, 2016, Fresh Direct gave Mr. Reddy a "performance improvement plan" (PIP) to address supposed performance deficiencies, including purported problems with "analysis," time management, teamwork, and "ability to take accurate notes."

42.     Mr. Reddy had not been informed of any performance problems prior to the issuance of the PIP or prior to making a complaint to Fresh Direct.

43.     The PIP was also in contravention of Fresh Direct's progressive correction action process, as Mr. Reddy never received any sort of verbal warning or second written warning.

44.     On or about July 29, 2016, Fresh Direct summarily terminated Mr. Reddy's employment on the grounds that he had failed to achieve the goals set forth in the PIP.

45.     In reality, Fresh Direct terminated Mr. Reddy's employment because of his race and national origin and in retaliation for his complaints of discrimination.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Hostile Work Environment in Violation of § 1981

46.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 45 with the same force as though separately alleged herein.

47.     § 1981 prohibits employers from discriminating against an employee on the basis of race.

48.     Defendant discriminated against Plaintiff by subjecting him to hostile, discriminatory treatment and offensive, racially motivated comments.

49.     As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

50.     Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's federally protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of § 1981

51.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force as though separately alleged herein.

52.     § 1981 prohibits employers from discriminating against an employee on the basis of race.

53.     Defendant unlawfully terminated Plaintiff because of his race.

54.     As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

55.     Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's federally protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of § 1981

56.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 55 with the same force as though separately alleged herein.

57.     § 1981 prohibits employers from retaliating against an employee for making a complaint of racial discrimination.

58.     Plaintiff properly complained to Defendant about racial discriminators' comments and conduct.

59.     Defendant retaliated against Plaintiff by subjecting him to further discrimination and harassment, refusing to reprimand the discriminatory behavior, and ultimately terminating her employment.

60.     As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL

61.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 60 with the same force as though separately alleged herein.

62.     The NYCHRL prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of, among other protected characteristics, race, national origin, or citizenship status.

63.     Defendant discriminated against Plaintiff based on his race, national origin, and citizenship status by subjecting him to hostile, discriminatory treatment and offensive comments.

64.     As a direct and proximate consequence of Defendant's race, national origin, and citizenship status discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

65.     Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**FIFTH CAUSE OF ACTION**
**Wrongful Termination in Violation of the NYCHRL**

66.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 65 with the same force as though separately alleged herein.

67.     The NYCHRL prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of, among other protected characteristics, race, national origin, or citizenship status.

68.     Defendant unlawfully terminated Plaintiff because of his race, national origin, and citizenship status.

69.     As a direct and proximate consequence of Defendant's race, national origin, and citizenship status discrimination, Plaintiff has suffered, and continues to suffer, substantial

damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

70.    Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SIXTH CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

71.    Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 70 with the same force as though separately alleged herein.

72.    The NYCHRL prohibits employers from retaliating against any employee for opposing or complaining of practices illegal under the NYCHRL.

73.    Plaintiff properly complained to Defendant about discrimination and harassment to which he was subjected based on his race, national origin, and citizenship status.

74.    Defendant retaliated against Plaintiff by subjecting him to further discrimination and harassment, refusing to reprimand the discriminatory behavior, and ultimately terminating her employment.

75.    As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial economic damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.   For the first cause of action, damages to be determined at trial;

B.   For the second cause of action, damages to be determined at trial;

C.   For the third cause of action, damages to be determined at trial;

D.   For the fourth cause of action, damages to be determined at trial;

E.   For the fifth cause of action, damages to be determined at trial;

F.   For the sixth cause of action, damages to be determined at trial; and

G.   For such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             May 16, 2017

                            By:       _Walker G. Harman Jr._____
                                      Walker G. Harman, Jr. [WH-8044]
                                      Owen H. Laird [OL-6994]
                                      THE HARMAN FIRM, LLP
                                      220 Fifth Avenue, Suite 900
                                      New York, NY 10001
                                      (212) 425-2600
                                      wharman@theharmanfirm.com
                                      olaird@theharmanfirm.com


                                      Tiffany Ma [TM-3561]
                                      Young & Ma LLP
                                      575 Lexington Avenue, 4th Floor
                                      New York, NY 10022
                                      (212) 971-9773
                                      tma@youngandma.com

                                      *Attorneys for Plaintiff*